Filed 5/31/24  P. v. Ware CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080791 |
| v. | (Super.Ct.No. FSB03904) |
| MARTIN WARE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Reversed with directions.

John G. Derrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel, Felicity Senoski and Elana Miller, Deputy Attorneys General, for Plaintiff and Respondent.

1

<u>INTRODUCTION</u>

Defendant and appellant Martin Ware appeals a trial court's denial of his petition for resentencing made pursuant to Penal Code section 1172.6.[1] He contends the order denying his petition must be reversed because the court issued an order to show cause and then held a hearing on the merits and denied the petition in his absence, without a waiver. The People argue that the court denied defendant's petition at a prima facie hearing; thus, his presence was not required. However, the People then concede the court denied the petition based, in part, on its mistaken belief that the jury was not instructed on natural and probable consequences; therefore, the matter should be remanded for another prima facie hearing. We conclude that the court's denial should be reversed and the matter remanded for an evidentiary hearing.

<u>PROCEDURAL BACKGROUND</u>

A jury found defendant guilty of shooting at an occupied vehicle (§ 246, count 1), two counts of kidnapping for robbery (§ 209, subd. (b), counts 2 & 3), one count of assault with intent to commit rape (§ 220, count 6), two counts of kidnapping (§ 207, subd. (a), counts 7 & 8), and two counts of attempted murder (§§ 664, 187, counts 9 & 10). The jury further found true the allegations that the attempted murders of which it convicted defendant in counts 9 and 10 were committed willfully and with deliberation and premeditation. The jury also found true various enhancement allegations, including

---

[1] All further statutory references will be to the Penal Code unless otherwise noted. Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text. (Stats. 2022, ch. 58, § 10.) We will cite to section 1172.6 for ease of reference.

that defendant personally used a firearm (§§ 12022.5, subd. (a), 1203.06, subd. (a)(1)) and inflicted great bodily injury (§ 12022.7), and that a principal was armed during commission of the offenses (§ 12022, subd. (a)(1)). A trial court sentenced defendant to four consecutive life terms on the two attempted murder convictions and two kidnapping for robbery convictions, plus a determinate term of 21 years four months on the other convictions and enhancement findings.

On January 31, 2022, defendant filed a petition for resentencing pursuant to section 1172.6. He checked the box stating an information was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. Defendant also checked the boxes indicating he was found guilty of attempted murder following a trial and that he could not presently be convicted of attempted murder because of the amendments to sections 188 and 189.

On July 15, 2022, the court held a hearing on the petition.[2] According to the minute order from the hearing, both parties requested the matter be continued. Defense counsel also requested an order to show cause (OSC) to be held at the next hearing, and the People did not object. The court granted the request for an OSC, and the matter was continued for a status conference on October 7, 2022.

---

[2] The appellate record does not contain a reporter's transcript of this hearing or the subsequent hearings on October 7, 2022 or November 18, 2022.

3

The minute order for the hearing on October 7, 2022, states, "Action came on for Status Conference/OSC re petition for Resentencing Pursuant to PC1170.95." The People requested additional time to file a brief, and defense counsel did not object to a continuance. The minute order also reflects the "[c]ourt note[d] 'if[/]when a future date is set for OSC hearing, Counsel will need to provide the court with the trail [*sic*] transcripts.'"

The next hearing was a status conference held on November 18, 2022. The minute order notes that the People turned over trial transcripts to the defense, minus one missing volume, and that the defense request to continue the hearing was granted. The minute order states that the People were to file a brief, and the defense was to file a response. The court then set another status conference for February 3, 2023.

On January 6, 2023, the People filed an opposition to defendant's petition for resentencing, attaching a copy of the unpublished opinion in the prior case of *People v. Ware et al.* (Aug. 14, 1998, E017603) [nonpub. opn.]. The People explained that some portions of the trial transcripts "have not been located and may no longer exist" and that the missing portions included the testimony of defendant and most of the defense witnesses. The People then argued that defendant was ineligible for relief because he was the principal actor in the attempted murders, and the jury found he had the intent to kill. The People also asserted that the jury was given instructions on "Principals" and "Aiding and Abetting," but not on "Liability for Natural and Probable Consequences." In its conclusion, the People stated: "The procedural posture of this case is such that the

4

Court should view the filing on the Petitioner's behalf as a motion where the defendant's petition makes [a] prima facie showing, via a checkbox petition, that he qualifies for review under Penal Code sections 1170.95 and 117[2].6. The Court must therefore issue an Order to Show Cause as a matter of course. However, beyond that, it should fail. [¶] Based upon all circumstances here, Petitioner was a principal, and the evidence demonstrated that he was not an aider and abettor, and the natural and probable consequences doctrine did not apply to Petitioner."

On February 3, 2023, defendant filed a reply to the People's opposition, arguing that his petition set forth a prima facie case for relief warranting the issuance of an OSC.

The court held a hearing on February 3, 2023, and at the outset, defense counsel noted that he submitted a removal but had not heard from defendant.[3] The prosecutor stated the People's position was that defendant failed to make a prima facie showing. Defense counsel responded that he had filed a reply that morning, and, assuming the allegations in the petition were true, defendant had properly checked all the boxes which was "sufficient to issue warrants of the OSC [*sic*]." The prosecutor argued that defendant was "ineligible on the face of the record" and that the jury instructions given at trial did *not* include one on natural and probable consequences. The prosecutor then pointed to the verdict forms showing the jury found defendant guilty of attempted murder and found true the allegation that the crimes were "willful, deliberate, and premeditated." Defense

---

[3] Defense counsel appeared to be referring to a request for defendant to be brought to court.

counsel responded that the petition made a prima facie case and argued that the court should issue an OSC.

The court agreed with the People that the record of conviction demonstrated that "natural and probable consequences was not given in the instructions as a basis for the defendant's liability." It further noted that the true findings on the "willful, deliberate, and premeditation" allegation and the personal infliction of great bodily injury and use of a firearm allegations "ma[d]e it clear that natural and probable consequences was not a basis for the defendant's conviction." The court therefore concluded "the record of conviction demonstrates he's not entitled to removal [*sic*] under 1172.6" and denied the petition for resentencing.

DISCUSSION

The Matter Should Be Remanded For an Evidentiary Hearing

Defendant contends the order denying his petition must be reversed because the court issued an OSC and held a hearing on the merits on February 3, 2023, and denied the petition in his absence, without a waiver. The People argue that the court denied defendant's petition at a prima facie hearing; thus, his presence was not required. However, the People then concede the court denied the petition based, in part, on its mistaken belief that the jury was not instructed on natural and probable consequences; thus, the matter should be remanded for a new prima facie hearing. We conclude the matter should be remanded for an evidentiary hearing, to be held with defendant present, absent a valid waiver.

6

A. *Relevant Law*

Senate Bill No. 1437, effective January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Senate Bill No. 1437 also created a procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended. (Stats. 2018, ch. 1015; *Lewis*, at p. 957.) Senate Bill No. 775 clarified that the provisions of section 1172.6 apply to attempted murder, as well as murder. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548; § 1172.6, subd. (a).)

Under section 1172.6, the relief process begins with the filing of a petition containing a declaration that all requirements for eligibility are met (§ 1172.6 subd. (b)(1)(A)), "including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill [No.] 1437 (§ 1172.6, subd. (a)(3))." (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).) If the petition complies with the requirements of section 1172.6, subdivision (b)(1), "the court shall hold a hearing to determine whether the petitioner has made a prime facie case for relief." (§ 1172.6, subd. (c).) Where a petitioner has made the requisite prima facie showing that

7

he is entitled to relief, the court must issue an OSC and hold an evidentiary hearing to determine whether to vacate the murder or attempted murder conviction and resentence the petitioner on any remaining counts.  (§ 1172.6, subds. (c) & (d)(1).)

At the prima facie stage, the court may deny a petition only if the petitioner is ineligible for relief as a matter of law.  (*Lewis*, *supra*, 11 Cal.5th at p. 966.)  In other words, the petition and the record of conviction must "establish conclusively that the defendant is ineligible for relief."  (*Strong*, *supra*, 13 Cal.5th at p. 708.)

B.  *The People Concede the Jury Was Instructed on Natural and Probable Consequences as a Basis of Liability*

The People concede that the jury was instructed on natural and probable consequences as a basis of liability and that the court erred in denying the petition, in part, based on the impression that the jury was *not* so instructed.  The People explain that, at the February 3, 2023 hearing, the parties and the court operated under the mistaken impression that the jury was not instructed on natural and probable consequences as a basis of liability, presumably because the court did not give the instruction (CALJIC No. 3.02) as part of the main packet of instructions; however, it subsequently provided the instruction in response to a question the jury asked during deliberations.  Defendant agrees that the jury was instructed on the natural and probable consequences doctrine.  In light of the fact that the jury was given a natural and probable consequences instruction, the record of conviction does not preclude the possibility that defendant was convicted under this now-invalid theory, and the trial court therefore erred in summarily denying

8

the petition. (See *People v. Offley* (2020) 48 Cal.App.5th 588, 599 [trial court instructed the jury on natural and probable consequences, and the appellate court found it could not rule out the possibility the jury relied on such doctrine in convicting the defendant].)

We note the parties agree that the record reflects the court granted defendant's request for an OSC on July 15, 2022, without objection by the People. The People now claim the court's OSC order was "tentative" or, in the alternative, "rescinded" at the February 3, 2023 hearing, and they concede the matter should be remanded, for another prima facie hearing. We acknowledge the record is confusing as to the procedural posture of the hearing on February 3, 2023. However, given that the jury was instructed on the natural and probable consequences doctrine of culpability and that the court had ordered an OSC early in the proceedings, we conclude the better manner of proceeding below would be to hold an evidentiary hearing for the parties to present and the trial court to consider the evidence in determining whether defendant is entitled to relief.[4] There is nothing to establish defendant's ineligibility for relief as a matter of law. The People do not dispute that a petitioner has a right to be present at an evidentiary hearing under section 1172.6, subdivision (d), and that there was no waiver of that right in this case. (See *People v. Basler* (2022) 80 Cal.App.5th 46, 59.)

---

[4] We note that, in the People's brief opposing defendant's resentencing petition, the People concluded: "The procedural posture of this case is such that the Court should view the filing on the Petitioner's behalf as a motion where the defendant's petition makes prima facie showing, via a checkbox petition, that he qualifies for review under Penal Code sections 1170.95 and 117[2].6. *The Court must therefore issue an Order to Show Cause as a matter of course*. However, beyond that, it should fail." (Italics added.)

Based on the foregoing, we reverse the court's order denying defendant's petition and remand with directions to issue an order to show cause and hold an evidentiary hearing with defendant present, absent a valid waiver. (§ 1172.6, subds. (c) & (d); see *People v. Wilson* (2023) 14 Cal.5th 839, 869.)

## DISPOSITION

The order denying defendant's petition is reversed. The matter is remanded with directions to issue an order to show cause under section 1172.6, subdivision (c), and to hold a hearing in accordance with section 1172.6, subdivision (d). We express no opinion on whether defendant is entitled to relief following the hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

RAMIREZ
P. J.

MENETREZ
J.

10